UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KASSAB,<br><br>                    Plaintiff,<br><br>v.<br><br>UC SAN DIEGO HEALTH, et al.,<br><br>                    Defendant. | Case No.:  3:25-cv-00023-RBM-DDL<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING COMPLAINT ON SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**[Docs. 1, 2]** |

On January 6, 2025, Plaintiff Steve Kassab ("Plaintiff") filed a Complaint against UC San Diego Health, Rachel Bent, Alice Kistenoff, Jack Hunt, Aaron Myers, Kush Vijay Bhatt, and Does 1 through 100 ("Complaint"). (Doc. 1 ("Compl.").)  Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (Doc. 2.)

### I.    IFP MOTION

A.    **Legal Standard**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of

$405.[1]  28 U.S.C. § 1914(a).  A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security."  S.D. Cal. Civ. R. 3.2(a).  The facts of an affidavit of poverty must be stated "with some particularity, definiteness, and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

> **B.     Discussion**

It is well-settled that a party need not be completely destitute to proceed IFP, but he must adequately prove his indigence.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "[a]n affidavit in support of an IFP [motion] is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo*, 787 F.3d at 1234 (citing *Adkins*, 335 U.S. at 339); *see also McQuade*, 647 F.2d at 940 (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty").  No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."  *Escobedo*, 787 F.3d at 1235.  Consequently, courts must evaluate IFP requests on a case-by-case basis.  *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

household income"); *see also Cal. Men's Colony*, 939 F.2d at 858 (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993) (citation omitted).

In his IFP Motion, Plaintiff declares he is unable to pay the costs of these proceedings. (Doc. 2 at 1.)[2] Plaintiff lists $1,020.00 as his monthly income from disability and public assistance benefits. (*Id*. at 2.) Plaintiff owns a vehicle worth $2,500.00. (*Id*. at 2–3.) Plaintiff spends $100.00 per month on utilities, $100.00 per month on home maintenance, $100.00 per month on food, $50.00 on clothing, $50.00 per month on laundry and dry cleaning, $50.00 on medical and dental expenses, $150.00 per month on transportation, $50 on recreation and entertainment, and $350 on homeowner's or renter's insurance.[3] (*Id*. at 4.) Plaintiff also states that he has spent, or will be spending, $2,204.00 on expenses or attorney fees in conjunction with this lawsuit. (*Id*. at 5.) Plaintiff is not owed any money and does not have any dependents who rely on him for financial support. (*Id*. at 3.) Plaintiff does not anticipate any changes to his income or expenses in the next twelve months. (*Id*. at 5.)

The Court determines Plaintiff's monthly income is $1,020.00 and his monthly expenses are at least $1,000.00. However, the Court is unable to determine with certainty the amount in Plaintiff's checking account because the amount listed is illegible. (*See id*. at 2.) Without this information, the Court cannot fully determine Plaintiff's financial status. Accordingly, Plaintiff's IFP Motion is **<u>DENIED WITHOUT PREJUDICE</u>**. If Plaintiff wishes to proceed IFP, Plaintiff may file an amended IFP Motion providing clear and legible answers to all the questions in the Application **by February 14, 2025**.

---

[2] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

[3] The Court notes that Plaintiff indicates his monthly payment for rent or home-mortgage is $0. (Doc. 2 at 4.)

## II. SCREENING UNDER 28 U.S.C. 1915(E)

"Even were the Court to grant Plaintiff's IFP Motion, Plaintiff's complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)'s required pre-answer screening." *Toussaint v. Venante*, Case No. 3:22-cv-245 JLS (AGH), 2022 WL 891112, at *2 (S.D. Cal. Mar. 25, 2022) (citations omitted). Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under § 1915(e)(2)(B). *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.") (citation omitted). Under that provision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

### A. Subject Matter Jurisdiction

In addition to reviewing IFP complaints under § 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by

Constitution and statute, which is not to be expanded by judicial decree." *Id*. (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). Thus, a plaintiff bears the burden of establishing "subject matter jurisdiction." *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.") (citations omitted). Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

The Court's jurisdiction can arise in two ways: (1) as "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) as "diversity of citizenship" jurisdiction" under 28 U.S.C. § 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Under federal question jurisdiction, "courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 948 (9th Cir. 2004)). Under diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants, and the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (observing that the general-diversity statute permits federal district court jurisdiction over suits "between . . . citizens of different states."). A plaintiff can allege the "citizenship" of individuals by stating where the individual is "domiciled," or where the individual resides with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, the Complaint "is silent as to jurisdiction," rendering it "subject to dismissal for violation of Rule 8." *Toussaint*, 2022 WL 891112, at *2. Instead, Plaintiff alleges

that "the State Superior Court is refusing to give Plaintiff access to the court, and is showing the appearance of bias despite receiving court orders. To protect the deadlines, Plaintiff is forced to file in the Federal Court of San Diego for the [S]outhern District." (Compl. ¶ 21.) This allegation does not provide a proper basis for the Court's jurisdiction under either federal question or diversity jurisdiction. Plaintiff has therefore failed to present any grounds for the Court's jurisdiction.

Notwithstanding this deficiency and construing Plaintiff's pro se Complaint liberally, the allegations also do not provide a sufficient basis for this Court to infer that subject matter jurisdiction exists. Facially, the Complaint does not invoke federal question jurisdiction based on Plaintiff's six state law causes of action for: (1) negligence; (2) breach of fiduciary duty; (3) medical battery; (4) lack of informed consent; (5) medical malpractice; and (6) false imprisonment without arrest. (Compl. at 6–12.) As Plaintiff's claims are rooted in state law and Plaintiff does not allege violation of a constitutional right or of federal law, the Complaint does not entitle Plaintiff to the Court's federal question jurisdiction under 28 U.S.C. § 1331. *See e.g.*, *Genthner v. Chong*, Case No. 1:16-cv-01534-AWI-EPG, 2016 WL 6471124, at *2 (E.D. Cal. Nov. 1, 2016) ("Plaintiff's claims are state claims for medical malpractice and do not invoke federal subject matter jurisdiction."). Additionally, the Complaint does not contain sufficient facts to determine whether diversity jurisdiction exists, such as the amount of damages Plaintiff seeks and any of the Defendants' citizenship. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings.") (citation omitted).

Accordingly, even if Plaintiff is entitled to proceed IFP, the Complaint must be **DISMISSED** for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. CONCLUSION

Based on the foregoing considerations, Plaintiff's IFP Motion (Doc. 2) is **DENIED WITHOUT PREJUDICE** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a renewed IFP Motion providing clear, legible, and complete answers to all the questions in the Application, as well as an amended complaint that cures the deficiencies identified above (*see* Section II.A), on or before **February 14, 2025**.

**IT IS SO ORDERED**.

DATE:  January 29, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE