UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KASSAB,<br><br>  Plaintiff,<br><br>v.<br><br>UC SAN DIEGO HEALTH, et al.,<br><br>  Defendants. | Case No.: 3:25-cv-00023-RBM-DDL<br><br>**ORDER GRANTING MOTION TO VACATE JUDGMENT**<br><br>[Doc. 7] |

Pending before the Court is Plaintiff Steve Kassab's ("Plaintiff") Motion to Vacate Judgment ("Motion to Vacate"). (Doc. 7.) In the Motion to Vacate, Plaintiff seeks to set aside the judgment entered on April 7, 2025 under Federal Rule of Civil Procedure ("Rule") 60(b). (*Id*. at 3.)

For the reasons set forth below, Plaintiff's Motion to Vacate (Doc. 7) is **GRANTED**.

## I.   BACKGROUND

On January 6, 2025, Plaintiff filed a Complaint against Defendants UC San Diego Health, Rachel Bent, Alice Kistenoff, Jack Hunt, Aaron Myers, Kush Vijay Bhatt, and Does 1 through 100 (collectively, "Defendants") ("Complaint"). (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (Doc. 2.) On January 29, 2025, the Court denied Plaintiff leave to proceed IFP and dismissed the Complaint on screening pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction ("IFP Order"). (Doc. 4.) Plaintiff was granted leave to file a

renewed IFP motion and an amended complaint by February 14, 2025. (*Id*. at 7.) Plaintiff, however, did not file a renewed motion or an amended complaint.

On April 7, 2025, nearly two months after the Court issued its IFP Order, the Court dismissed the action without prejudice based on Plaintiff's failure to file a renewed IFP motion and an amended complaint. (Doc. 5.) The Clerk of the Court entered judgment that same day. (Doc. 6.)

On August 27, 2025, over six months after his original deadline, Plaintiff filed the instant Motion to Vacate. (*See* Doc. 7.) In the Motion to Vacate, Plaintiff also provided a declaration in which he attests that he was unable to timely file a renewed IFP motion and amended complaint due to his health issues and subsequent hospitalization. (*Id*. at 5.)

## II.    LEGAL STANDARD

"Rule 60(b) allows for relief from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020) (cleaned up)).

The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## III.    DISCUSSION

### A.    Rule 60(b)(3)

In the Motion to Vacate, Plaintiff argues that the judgment should be set aside under Rule 60(b)(3) for fraud, misrepresentations, or misconduct by an opposing party. (Doc. 7 at 3.) To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or

other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey*, 362 F.3d at 1260 (cleaned up).  In this case, Plaintiff claims that "Defendant unlawfully obtained Plaintiff's medical records which was a direct violation in California and United States [*sic*] HIPPA privacy laws to deny Plaintiff's claim in this action."  (Doc. 7 at 3.)  Plaintiff, however, provides no further evidence or support to substantiate this claim.  More fatally, Plaintiff does not claim the judgment in this case was obtained through such alleged fraud.  *See Casey*, 362 F.3d at 1260.  As previously noted, the Court dismissed this case because Plaintiff failed to timely file an amended IFP Application and an amended complaint.  (*See* Doc. 5 at 1–2.)  Accordingly, Plaintiff fails to provide a meritorious argument under Rule 60(b)(3) that would justify vacating the judgment in this case.

**B.    Rule 60(b)(1)**

Given Plaintiff's pro se status, the Court liberally construes and considers the Motion to Vacate under Rule 60(b)(1).  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed . . . .'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Rule 60(b)(1) permits relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).  "To determine when neglect is excusable, [courts] conduct the equitable analysis specified in *Pioneer* by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) ("*Pioneer* factors").

Applying the *Pioneer* factors, the Court finds that Plaintiff's failure to comply with the IFP Order constituted excusable neglect meriting relief.  In this case, Plaintiff declared that his "health issues along with rehab have caused [him] to be unable to timely file."

(Doc. 7 at 5.)  "Illness is often recognized as an acceptable justification for excusable neglect."  *See Arzamendi v. Wells Fargo Bank, N.A.*, 1:17-cv-01485-LJO-SKO, 2018 WL 6025599, at *2 (E.D. Cal. Nov. 16, 2018) (citing *Gravatt v. Paul Revere Life Ins. Co.*, 101 F. App'x 194, 196 (9th Cir. 2004)).  Moreover, there is no indication that Plaintiff filed this Motion to Vacate in bad faith.  As Defendants have not been served, the delay in this case is not great and the danger of prejudice to Defendants is low.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010) ("Critically, the record is devoid of any indication either that [the plaintiff's] counsel acted in bad faith or that an extension of time would prejudice defendants.").  The *Pioneer* factors therefore weigh in favor of relief and the Court finds Plaintiff's neglect in failing to timely file a renewed IFP motion and amended complaint excusable under Rule 60(b)(1).

Accordingly, the Motion to Vacate is **GRANTED**.  Plaintiff is cautioned that the Court will not entertain any further untimely filings and will strike or otherwise reject any future filings that fail to comply with the Local Rules,[1] this Court's Civil Chamber Rules,[2] and the Federal Rules.[3]

### IV.  CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion to Vacate (Doc. 7) and **VACATES** the judgment entered in this case on April 7, 2025.

---

[1] The United States District Court for the Southern District of California's Civil Local Rules are available at https://www.casd.uscourts.gov/_assets/pdf/rules/2025.01.02%20Local%20Rules.pdf.

[2] This Court's Civil Chamber Rules are available at https://www.casd.uscourts.gov/judges/montenegro/docs/Montenegro%20Civil%20Chamber%20Rules.pdf.

[3] The Federal Rules of Civil Procedure are available at https://www.uscourts.gov/file/78323/download.

  To proceed with this action, Plaintiff must either: (a) file a renewed IFP motion and amended complaint curing the deficiencies previously identified in the Court's IFP Order (*see* Doc. 4) on or before **November 7, 2025**; or (b) prepay the entire $405 civil filing and administrative fee and file an amended complaint curing the deficiencies previously identified in the Court's IFP Order (*see* Doc. 4) on or before **November 7, 2025**. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. R. 3.2(b).

  If Plaintiff fails to comply with this Order by either filing a renewed IFP Motion and amended complaint or paying the $405 civil filing fee on or before **November 7, 2025**, this action will be dismissed based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a).

**IT IS SO ORDERED**.

DATE:  October 17, 2025

                  _____
                  HON. RUTH BERMUDEZ MONTENEGRO
                  UNITED STATES DISTRICT JUDGE